UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM JOHN WOOD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:10-cv-775-SEB-TAB |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

The petitioner's request to proceed *in forma pauperis* (dkt 2) is **granted**.

**II.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*. This is an appropriate case for such a disposition.

William John Wood seeks a writ of habeas corpus based on his claim that prison disciplinary proceedings conducted in April, 2010 are tainted with constitutional error. Woods' habeas petition also reveals that his administrative appeal is still pending. This renders the present action premature. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.")(citing 28 U.S.C. §2254(b)(1)). The exhaustion of available remedies is required before an action for habeas corpus relief is filed, and in the setting presented here the administrative appeals available to Woods have been treated as comparable to remedies available in the state courts. See *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992).

Wood must complete his administrative appeals before a federal habeas court entertains his petition. The present action will therefore be dismissed without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/23/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana